## Case No. 6,276.

### HAZARD v. CHICAGO, B. & Q. R. CO.

### [4 Biss. 453.] 1

### Circuit Court, N. D. Illinois. July, 1865.

RES JUDICATA—CHANGE OF FORUM—NEW EVIDENCE.

1. Where a suit commenced in the state court has been carried to the supreme court, and a new trial ordered, the plaintiff has the right to dismiss his suit and commence in the federal court; the opinion of the supreme court does not constitute a bar unless it finally determines the suit.

2. But, on substantially the same state of facts, the plaintiff is bound by the law as laid down by the state supreme court: he cannot change the forum to obtain a different ruling.

3. The plaintiff has the right, however, to introduce evidence showing a new or different state of facts from those shown on the former trial.

[This was an action at law by E. W. Hazard against the Chicago, Burlington & Quincy Railroad Company to recover for injuries sustained through the negligence of defendant's agents while a passenger on defendant's railway train.]

Before DAVIS, Circuit Justice, and DRUMMOND, District Judge.

DRUMMOND, District Judge. The question arises in this case upon the pleadings, but the main point has been argued irrespective of the form of the pleadings, and it has been submitted to the court by common consent, with a view of ascertaining our opinion upon what is supposed to be the real controversy in the cause, and therefore the opinion of the court will be given without regard to the particular form of the pleadings, which can be

---

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

made in conformity with the view of the court, as was the understanding between the parties.

A suit was instituted in a state court by Mr. Hazard, the plaintiff, against the defendant, alleging that while upon a railway train of the defendant, by the carelessness and negligence of its agents he was injured, and for the injury the action was brought. The case was tried in the state circuit court and a verdict and judgment obtained for the plaintiff, and it was then taken to the supreme court of the state, which reversed the judgment of the court below. Chicago, B. & Q. R. Co. v. Hazard, 26 Ill. 373. When the case went back to the state circuit court it was dismissed by the plaintiff, and thereupon an action was brought in this court.

The declaration alleges substantially the same cause of action; that is to say, it is apparent that it was for the same damage for which the action was brought in the state court. It states that the injury was in consequence of the negligence of the agents of the defendant. Now, the defense set up here is that this judgment of the state court reversing the judgment of the court below is a bar to this suit, and that it cannot be maintained.

We are of the opinion that it is not technically a bar to the maintenance of the suit. If the suit had gone on in the lower state court, it is clear that the plaintiff would have had a right to proceed with the trial of his cause—to have it submitted to a jury upon the evidence. The defendant could not have relied upon the opinion of the court above, unless the evidence in the cause was precisely the same in every substantial particular as it was on the former trial, as shown by the bill of exceptions, and we think that the plaintiff cannot be placed in a worse position here than he would have been in the state court, that he has a right to go on here with his cause and have it tried. But we think that the law as laid down by the supreme court of the state, ought to govern in this case although it is tried here, and that if it shall turn out that the facts are substantially the same, in every material respect, as they were in the state court, the defendant would have a right to ask this court to instruct the jury that the law is as laid down by the supreme court of the state. But it is possible the facts may be different. For instance, the main question is as to the negligence of the agents of the defendant. The evidence might be different upon a second trial from what it was on the first trial.

We hold that the plaintiff cannot be excluded from introducing other and different facts from those which might have been established on the former trial, and which may give color one way or the other to the question of negligence.

This substantially disposes of the only question that has been argued and submitted to

the court, and it expresses the opinion of both judges, and the counsel can adapt the pleadings to the views of the court in relation to the question of law. We understand that, upon the statement of the facts as they exist upon the record, the suit in the supreme court of the state does not constitute a bar technically to the maintenance of this action; for example, if it were alleged in the pleadings that this case was tried, and the whole bill of exceptions, the opinion of the court, and the whole record of the court, set forth in the plea, that does not constitute a bar to the maintenance of the suit, as it would not have constituted technically a bar to the continuation of the suit in the state court; that the plaintiff would have had a right to go on and try his case in the state court; that he has the same right here, but that this court will have to lay down the law as it was laid down by the supreme court of the state, if the facts are the same as they were there. Otherwise the effect would be this, that, after a party had chosen his own forum, and the opinion of the court was against him upon the law, he might dismiss his suit and go into another forum and insist upon a different rule of law. We think as between a state court and the United States court that rule ought not to apply, but that after a party has chosen his forum, and the opinion of the court, after a full investigation of the case upon the law and the facts of the case, is given, if he dismisses his suit there and comes into this forum, the law laid down by the highest tribunal of the state must govern him here, unless it is upon a question where this court is not bound by the adjudication of the supreme court of the state.

NOTE. An application for the removal of a cause from the state court, after the state supreme court had remanded the cause to the court below, is in time. Such an order opens the case for further proceedings and for litigation as if no judgment had ever been entered. Akerly v. Vilas [Case No. 119]. By the acts authorizing a removal of the causes from the state to the federal courts, congress did not intend to allow either party to obtain a practice or ruling more favorable to them, or when dissatisfied in the state court, to obtain a trial de novo. Akerly v. Vilas [Id. 120]; Boggs v. Willard [Id. 1,603]. And see Goodrich v. Chicago, 5 Wall. [72 U. S.] 566.

